73 F.3d 359
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Freeman Darrell WELCH, a/k/a Bee Welch, Defendant-Appellant.
 No. 95-5543.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 7, 1995.
Decided Dec. 27, 1995.
 
 Patrick Burgess Ochsenreiter, Asheville, North Carolina, for Appellant. Thomas Richard Ascik, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.
 Before WILKINS and LUTTIG, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 After pleading guilty to assault resulting in serious bodily injury in violation of 18 U.S.C.A. Sec. 113(a)(6) (West Supp.1995),[1] Freeman Welch was sentenced by the district court to fifty-seven months incarceration and $1464.98 in restitution. Welch appeals, contending that the district court improperly sentenced him. We find Welch waived his right to appeal; consequently, we grant the Government's motion to dismiss the appeal.
 
 
 2
 As part of the plea agreement, Welch agreed to waive his right to appeal, reserving only claims for ineffective assistance of counsel and prosecutorial misconduct. At the FED. R. CRIM. P. 11 colloquy, the district court specifically addressed the waiver of appellate rights.
 
 
 3
 THE COURT: Do you understand that it contains a waiver of certain rights to appeal your case and challenge the sentence or conviction; do you understand that?
 
 
 4
 WELCH: Yes, sir.
 
 
 5
 THE COURT: Did you enter that agreement freely and voluntarily as part of your bargain with the Government?
 
 
 6
 WELCH: Yes, sir.
 
 
 7
 It is well established that the Constitution does not guarantee the right to an appeal.[2] This court consistently has held that a defendant may waive his statutory right to appeal his sentence if the waiver was knowingly and voluntarily made.[3] Welsh does not contend that his appeal waiver was not knowingly and voluntarily made. Further, Welch does not claim that counsel was ineffective or that the prosecutor engaged in misconduct.
 
 
 8
 Accordingly, we grant the Government's motion to dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 DISMISSED
 
 
 [1]
 Formerly 18 U.S.C. Sec. 113(f) (1988)
 
 
 [2]
 Abney v. United States, 431 U.S. 651, 656 (1977)
 
 
 [3]
 United States v. Marin, 961 F.2d 493, 496 (4th Cir.1992); United States v. Wiggins, 905 F.2d 51, 53 (4th Cir.1990)